THE CONTINENTAL LIFE INS. CO. v. PERRY & TOWNSEND.

1. **Tax Sale**: PURCHASE OF CERTIFICATE BY AGENTS OF LAND-OWNER: DEED TO AGENTS SET ASIDE. An agent who purchases a tax certificate upon the land of his principal holds it in trust for his principal, and he cannot be allowed to take and hold a tax deed as against his principal on account of the negligence of the principal in reimbursing him, unless he has made a full and fair statement to his principal of the account between them, and of the amount necessary to reimburse him. In this case, as the statement made by the agents was both deficient and misleading, and was not made to the principal at all, but to another agent, not shown to have any authority in the matter, *held* that the tax deed under which the agents claimed should be set aside at the suit of the principal.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, APRIL 8.

ACTION in equity to to set aside a tax deed of certain land in Monroe county. The plaintiff's petition was dismissed, and judgment was rendered for the defendants for costs. The plaintiff appeals.

*Henry L. Dashiell*, for appellant.

*Perry & Townsend, pro se.*

ADAMS, J.—The plaintiff became the owner of the land in question through the foreclosure of a mortgage. The defendants, T. B. Perry and J. S. Townsend, doing business under the firm name of Perry & Townsend, acted as attorneys for the plaintiff in the foreclosure. For their services in such foreclosure they were paid in full. This appears to have been in 1878. In October of the year previous it appears that the premises had been sold for taxes, the sale being the one now in question. Whether the defendants, as faithful attorneys, should have discovered this fact, and notified the plaintiff before foreclosure, in order that it might redeem, we need

not determine. The case will turn upon other considera-
tions. They did not, it appears, in fact discover the sale
until October, 1880. In December of that year the defend-
ant, Townsend, purchased the tax certificate, paying therefor
a little less than $180. At the time of this purchase the evi-
dence shows, as we think, that the defendants were in posses-
sion of the sheriff's deed which had been obtained by them
for the plaintiff in the foreclosure. It is certain that for
more than a year the defendants had been receiving for the
plaintiff the rent of the property, all which rent they still
retained in their hands, and which amounted to a little more
than $140. They were, then, at the time Townsend pur-
chased the tax certificates, acting as the plaintiff's agents in
respect to the property, with money in their hands received
from the property, and Townsend's purchase must, we think,
be deemed to have been made in trust for the plaintiff.

We do not, indeed, understand the defendants in their
argument as seriously denying that Townsend purchased the
certificate in trust for the plaintiff. They had, previously to
the commencement of the action, written a letter in which
they seemed to recognize their trusteeship, and in their argu-
ment, referring to the letter, they say: "We acknowledge
ourselves as holding the tax certificate in trust for the plaint-
iff when we wrote the letter." The fact of the trusteeship
existing at the time of the purchase and afterwards we may
regard as settled.

The real ground upon which the defendants place their
defense is what they call the bad conduct of the plaintiff in
delaying to reimburse them. That we may not do them
injustice, we will state their position in their own words.
They say in their argument: "We fully informed the plaint-
iff. What was its duty, then? It was to respond by yea or
nay within a reasonable time. We had stated in our letter
what time we would give the plaintiff. This was ample time
within which the plaintiff could have responded, letting us
know what it would do. It remained silent." If we should

concede the defendants' legal proposition, that where an agent purchases a tax certificate in his own name in trust for his principal he may proceed to take a deed in his own name, and hold title as against his principal, if his principal is guilty of negligence in reimbursing him, we should still have to say that the facts of this case do not appear to bring the defendants within the rule. Certainly, an agent holding a tax certificate for his principal cannot be allowed to take and hold a tax deed as against him on account of the negligence of the principal in reimbursing him, unless the agent has made a full and fair statement to his principal of the account between them, and of the amount necessary to reimburse him.

In the case at bar, the defendants rendered no statement of any kind to their principal. They did, it is true, render a statement to one Pierson, in Chicago, under the supposition that he was acting for the plaintiff as its agent, and it seems not improbable (although there is really no proper evidence showing it) that he was an agent of some kind. But if we should concede that he was, we should still be without any proper evidence as to what his powers were; and unless he was charged with some duty in relation to the redemption of the plaintiff's land from taxes, a report to him would not be a report to the principal. A report by one agent to another agent is not necessarily a report to the principal. If the defendants desired reimbursement, and could not find an agent who they knew was clothed with power to act in the premises, they should have reported to the home office. The plaintiff itself was at all times within easy communication. The scattered interests of a life insurance company loaning money over the country, as this company appears to have been, are such that, if its agents or attorneys are guilty of any negligence, some of its interests may easily be overlooked by its officers and lost sight of. It has a right to expect that its agents will be diligent in reporting, and not content themselves with reporting to some one of whose powers they have

no reliable knowledge, and especially if, after having reported to such person, they receive no response of any kind. We are unable to find any justification on the part of the defendants in not reporting to the company's officers. While we think that their failure in this respect is fatal to their present pretenses, we think that there was another failure which is equally so. They never made a full and fair report even to Pierson. They did not state to him all the essential facts, nor show what amount was due them from the plaintiff. Their report was not only deficient, but in one of its affirmative statements was misleading. They reported neither the date of their expenditure nor the amount expended. Both of these facts were essential to a fair accounting. As agents, they were not entitled to speculate out of their principal. They were entitled to be reimbursed only the actual amount expended, with interest; and for their services they were entitled, of course, to reasonable compensation. What they did was to communicate the auditor's statement of the amount then necessary to redeem. This amount they placed in their account as a debit against the plaintiff, and they credited the plaintiff with rents received. The amount necessary to redeem included, of course, interest, which could not accrue to the defendants upon their account. They were entitled to only six per cent upon the amount advanced by them from the time of advancement. As they had money received as rents in their hands, their real advancement was only the difference between what they had and the whole amount paid, which, it appears, was less than $40. It is said, it is true, that the defendants were not bound to protect the plaintiff against a tax deed, and were not bound to use the plaintiff's money for such purpose, and that Townsend did not in fact use it. But the fact is that they did buy the tax certificate for the plaintiff, as appears by their own acknowledgement of the trusteeship; and, having bought it, the law will under the circumstances apply the plaintiff's money in their hands, and regard the application as made at the time of the pur-

chase. The defendants' report, therefore, was not only deficient, but affirmatively wrong, and was not sufficient, even if it had been made to the right person, to put the plaintiff in default. While we say this, we do not wish to be understood as charging the defendants with a conscious intention to perpetrate a moral wrong. They are attorneys in large practice, and, so far as we know, of entirely unimpeachable character. But we think that they misconceived in some respects their professional duty and their legal rights.

We think that the tax deed must be set aside. The case, however, does not seem to be in a proper condition to justify the entry of a decree in this court. Taxes have probably been paid, and rents have probably accrued and been paid, during the progress of litigation. There may be some other matters which should be taken into account. The case must therefore be remanded for an accounting.

REVERSED.